FILED & ENTERED

JAN 29 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>De Ann Johnson,<br><br>Debtor. | Case No.: 2:24-bk-17141-NB<br><br>Chapter: 7<br><br><u>Hearing</u>:<br>Date: February 24, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

**ORDER (A) DIRECTING DE ANN JOHNSON TO APPEAR IN PERSON TO TESTIFY, AND SHOW CAUSE WHY REMEDIES SHOULD NOT BE ORDERED FOR APPARENT VIOLATION OF RULE 9011(b), AND MEANWHILE (B) GRANTING EXTENSIONS OF TIME FOR OTHER PARTIES TO RESPOND UNTIL THIS MATTER CAN BE HEARD**

At the time and place set forth above, De Ann Johnson ("Plaintiff/Debtor") is directed to appear *in person* to *testify under oath* and show cause (a) why Plaintiff/Debtor's requests for relief should not be denied, overruled, or stricken, and (b) why this Court should not order other remedies, for apparent violation of Rule 9011(b).[1] Meanwhile, this Court is granting additional time for all other parties in interest to respond to such papers, including any amendment or supplement that may be filed before this matter can be heard.

This order is a standard form that has been generated by the undersigned Bankruptcy Judge to address instances of apparent violation of Rule 9011(b), particularly when those instances appear to be ongoing. This order has been tailored to address the specific circumstances of this bankruptcy case and the associated Adversary Proceeding No. 2:25-ap-01388-NB.

## 1. DEFECTS IN PAPERS PRESENTED BY PLAINTIFF/DEBTOR

On September 3, 2024, Plaintiff/Debtor filed her voluntary chapter 7 petition commencing the above-captioned bankruptcy case. On November 17, 2025, Plaintiff/Debtor filed her complaint commencing this adversary proceeding.

Plaintiff/Debtor has made consistently frivolous assertions, ranging from

(a) her assertion that "banks cannot lend credit" (*see* Order, bankr. dkt. 44, pp. 1:28-2:3, quoting Plaintiff/Debtor) to

(b) her assertion that by sending an IRS "Form 56" and/or promissory notes to persons to whom she owes money that she must be deemed to have paid that money (*see* Order, bankr. dkt. 64, pp. 3:18-4:5, quoting Plaintiff/Debtor) and

(c) her assertion that the above-captioned Defendants violated the automatic stay by not accepting in payment "a prior promissory note tendered in

---

[1] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, and the parties' filed papers.

satisfaction of debt." Complaint (adv. dkt. 1), at PDF p. 2, para. 4 *and passim*.

The foregoing is not intended to be a complete list.[2]

On January 26, 2026, the above-captioned Plaintiff/Debtor filed papers (adv. dkt. 61-63, collectively the "Papers") that appear to seek reconsideration of multiple orders of this Court (i) dismissing the above-referenced adversary proceeding as against two defendants (adv. dkt. 53-54) and (ii) directing Debtor to appear and show cause why this adversary proceeding should not be dismissed as against all remaining defendants (adv. dkt. 55). Although it is difficult to discern the allegations and claims made by Plaintiff/Debtor, she appears to assert that

(1) This Bankruptcy Court purportedly erred in issuing an order in her chapter 7 bankruptcy case in chief (bankr. dkt. 80, the "UD-RS Order") granting an unopposed motion for relief from the automatic stay to continue unlawful detainer proceedings against her based on a prepetition stipulated unlawful detainer judgment (bankr. dkt. 74, p. 3, p. 8, & Ex.E at PDF p. 36-38), a postpetition writ of possession, issued before the landlord had notice of this bankruptcy case (*id.* pp. 8-9 & Ex. F at PDF pp. 42-44); non-payment of rent; and other facts and circumstances alleged in the (unopposed) motion papers.

(2) Meanwhile Defendant "Gas Company" (more properly known as Southern California Gas Company) ("SoCal Gas") allegedly attempted to disconnect gas service at the property Plaintiff/Debtor currently occupies notwithstanding that Plaintiff/Debtor purportedly paid SoCal Gas by sending it a promissory notice that, she alleges, must be accepted as full payment under the Uniform Commercial Code. *See* Plaintiff/Debtor Decl. (dkt. 63) ¶ 4 (p. 2:4–7).

---

[2] More information on non-meritorious arguments asserted by Plaintiff/Debtor is set forth in the "Order Denying Debtor's Motion for a Stay Pending Appeal and a Temporary Restraining Order" (bankr. dkt. 65), the "Order Denying All Relief Requested in Debtor's Second Omnibus Motion" (bankr. dkt. 64), the "Order Denying All Relief Requested in Debtor's Omnibus Motion" (bankr. dkt. 52), the "Order Denying Reconsideration Motion" (bankr. dkt. 46), and the "Order Denying Application for Fee Waiver" (bankr. dkt. 44).

(3) Similarly, Defendant “Kia Finance” (more properly known as Hyundai Capital America dba Kia Finance America) (“Kia”) supposedly violated the automatic stay or otherwise acted wrongfully by filing a claim “while holding a prior promissory note tendered in satisfaction of debt” (Complaint, adv. dkt. 1, at PDF p. 2, para. 4), although as Kia points out (adv. dkt. 7) the claims register does not reflect that it filed any proof of claim (and filing a proof of claim would not violate the automatic stay anyway).

(4) Somehow, based on the foregoing or other allegations that are hard to understand, the Defendants and/or this Bankruptcy Court violated the automatic stay (§ 362(a)), and/or the discharge injunction (§§ 524(a)(2)&(3) and 727(b)), and/or some other rights of Plaintiff/Debtor.

**2. HARM CAUSED BY THE PAPERS**

**a. Possible use of “artificial intelligence” or other tools**

Based on the defects in Plaintiff/Debtor’s Papers described above, those Papers might have been generated by so-called “artificial intelligence” ("AI"). In this Court's experience, AI-generated papers typically have a veneer of legal sophistication, but in fact have defects such as those described above.

Alternatively, the Papers might be a (slightly modified) form obtained from the internet. Alternatively, the Papers might have been generated by some paralegal or other unqualified and undisclosed person.

This Court takes judicial notice of a vast increase in the apparent use of such tools. *See, e.g., In re Luna* (Bankr. C.D. Cal., Case No. 2:25-bk-13083-NB, dkt. 39, p. 4:1-14) (papers included litigant’s own query to AI, and AI’s response).

It is no excuse to have blindly followed "advice" from AI, or to otherwise fail to exercise due diligence when presenting any papers. To be clear, there is nothing inherently wrong with using AI or other tools as an aid to research and drafting. The problem arises when such tools are used without due diligence to verify factual and legal assertions – including asserting frivolous arguments not reasonably supported by

the applicable law or facts – or to generate papers for improper purposes such to harass, cause unnecessary delay, or needlessly increase litigation costs.

**b. Undue burdens on other parties, and on the judicial system**

Whether or not AI or similar tools were used by Plaintiff/Debtor, any violation of Rule 9011(b) typically causes substantial harm to other parties in interest. Violations also waste judicial resources.

First, the burdens are unequal. In this Court's experience it is relatively easy for persons who engage in abusive tactics to generate frivolous arguments and make "grossly exaggerated or totally false" allegations (*Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1061-62 (9th Cir. 2007)), and it is much more difficult for other parties to demonstrate, issue by issue and fact by fact, why those arguments and allegations violate Rule 9011(b). *See, e.g., El Ameen Bey v. Stumpf,* 825 F.Supp.2d 537, 543 (2011) (describing extreme case involving "pages of homemade quasi-documents" that were "heavily laden" with "riddle-like … argot" that was difficult to understand or respond to).

Second, pursuing sanctions might be "throwing good money after bad." Anyone responding to papers that appear to violate Rule 9011(b) not only has to invest time and money responding on the merits but also has to decide whether to invest even more time and money to seek sanctions. But then, in this Court's experience, persons who violate Rule 9011(b) frequently are "judgment proof" (they have no known assets or income to pay any monetary sanctions).

Third, addressing abusive papers often turns into "a game of whack-a-mole." As soon as one set of abusive papers is addressed, other sets of abusive papers usually are generated and filed. *See id., passim*.

The harms described above can be greatly exacerbated if a litigant starts to use AI or similar tools. It can take just a few minutes for a person using AI or a form template to generate a pleading that raises a half-dozen or more legal and factual issues with just enough of a veneer of plausibility to require hours of work for other

parties and this Court to address. *See id.,* 825 F.Supp.2d 537, 548-50 (describing extreme case involving online forms that "appear to be nothing but hoaxes making no sense legally").

**c. Harms specific to bankruptcy cases**

In bankruptcy cases, the foregoing harms can be multiplied because every bankruptcy judge presides over hundreds if not thousands of cases at any given time, and the bankruptcy system depends on the fact that the vast majority of matters should be administered by trustees and other persons *without briefing and without court involvement*. For example, so-called "scream-or-die" motions (aka "negative notice" motions) are expressly authorized by the Bankruptcy Code precisely to avoid the needless expense and delay of extensively briefing every matter. *See* § 102(1).

Even when motions are set for hearing, many are unopposed. For example, this Court takes judicial notice that historically most motions for relief from the automatic stay (§ 362(a) & (d)) and many professionals' fee applications (§ 330) are unopposed. Sensible parties who exercise due diligence and act in good faith realize that there are often no meritorious grounds to oppose those motions, and in that situation they do not present any opposition papers.

But litigants who are prepared to invest nearly endless time have always been able to flood the legal system with meritless papers. And AI-generated or similar papers have the potential to make it almost effortless for unscrupulous litigants to weaponize this flexible system by requiring extensive briefing for matters that should not require any briefing at all.

From what this Court has gleaned across many cases, the filing of abusive papers is increasing substantially, including the improper use of AI and other tools, and those things are already imposing enormous delays and expenses. Absent remedies such as this Order, this Court is concerned that our legal system, and particularly our bankruptcy system, could be completely overwhelmed.

**3. POSSIBLE REMEDIES**

This Court can impose various remedies for any violation of Rule 9011(b). That rule provides that, by "presenting" the Papers – whether by "signing, filing, submitting, [] later advocating [for]" or being "responsible" for them – Plaintiff/Debtor has certified that, to the best of Plaintiff/Debtor's "knowledge, information, and belief formed after an inquiry reasonable under the circumstances," that:

(x) the Papers have not been "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs";

(y) the Papers' claims, defenses, and other legal contentions are "warranted by existing law," or "by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law"; and

(z) the Papers include only allegations, denials, and/or factual contentions that are warranted based on the evidence, or that have been "specifically" identified as relying on information or belief that is "reasonable." [*See* Rule 9011(b).]

Note that even if _some_ factual assertions and/or legal arguments in the Papers satisfy Rule 9011(b), that does not insulate _*other*_ violations of the rule from being sanctionable. *See, e.g., Molski,* 500 F.3d 1047, 1061-62 (affirming sanctions despite suits that "were probably meritorious in part," and also noting that "a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false.").

**a. Sanctions**

Whenever a litigant is responsible for presenting papers in apparent violation of Rule 9011(b), this Court has the authority, on its own motion, to order parties and/or their attorneys[3] to appear and show cause why they should not be sanctioned. *See* § 105(a) *and* Rule 9011(c)(3). Any sanctions "must be limited to what suffices to deter

[3] *See, e.g., Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("clients must be held accountable for the acts and omissions of their attorneys").

repetition of the conduct or deter comparable conduct by others similarly situated." Rule 9011(c)(4)(A). Sanctions may include (x) nonmonetary directives, such as directing that any requests for relief in the offending papers be denied, overruled, or, in egregious cases, stricken (*see generally, e.g., N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145 (9th Cir. 1997) (striking briefs and dismissing appeal)), or (y) monetary sanctions, provided that *any monetary sanctions payable under this Order will be payable only to this Court*. *See* Rule 9011(c)(4)(A)(ii) & (iii).[4]

**b. Extensions of time**

This Court has the power under Rule 9006(b) to grant extensions of time for parties in interest to respond to nearly all types of papers. This Court does not intend to use such extensions of time as any sort of sanction: they merely preserve the *status quo* until this Court can determine whether Rule 9011(b) has been violated. *See, e.g., In re Bellucci,* 119 B.R. 763, 770 (Bankr. ED Cal. 1990) ("basic attribute" of any court is discretion to control its own docket, "including controlling the timing of proceedings on that docket") (citations omitted). Indeed, this Court has the duty to grant such extensions of time if that is necessary or appropriate to "secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001(a).

This Order contemplates two different types of extensions of time.

**i. Extension of time to respond to the Papers**

This Court is using its discretion under Rule 9006(b) to grant an extension of time for all other parties in interest to respond to Plaintiff/Debtor's Papers, including any amendment or supplement that might be filed before this Court can address whether those papers violate Rule 9011(b) at the above-captioned hearing. Absent such an

---

[4] Nothing in this Order should be deemed to preclude any party in interest from filing its own papers seeking appropriate remedies – including reimbursement of attorney fees and expenses if allowable – under Rule 9011(c)(2) or any other applicable authority. All rights are reserved, and this Court is neither encouraging nor discouraging any such motions or applications.

In the interests of transparency and assuring a "level playing field," this Court advises Litigant and all other parties in interest that a "Sanctions Table" is available at www.cacb.uscourts.gov (under Judges > Our Judges > Bason, N. > Instructions/Procedures > Sanctions Table). As stated in the Sanctions Table, it is only an aid, not a substitute, for parties' own research.

extension, substantial harm is very likely to be caused to other parties in interest, as explained in the next section of this Order.

If the Papers are indeed found to have violated Rule 9011(b), this Court may deny, overrule, or strike Plaintiff/Debtor's requests for relief, thereby mooting any need to respond. Alternatively, this Court may set new deadlines for any responses, or set an evidentiary hearing, or may make any other appropriate rulings.

**ii. Possible extension of time to respond to *future* papers**

At the above-captioned hearing this Court will consider whether there has been a sufficient pattern of abuse – particularly after any prior warnings – to impose a more general, temporary extension of time for other parties to respond to any *future* papers filed by Plaintiff/Debtor until this Court can address whether those future papers violate Rule 9011(b). Any such general, temporary extension could apply only to some persons and some types of papers or proceedings, or to all parties in interest in this bankruptcy case including all contested matters and adversary proceedings, and all types of future papers for which extensions can be granted under Rule 9006(b) or other applicable rules.

To be clear, this Court does not take lightly any such general extension of time: it will be imposed only if Plaintiff/Debtor has shown a sufficient pattern of abusive papers, particularly after any prior warnings. Moreover, even if a general extension of time were to be granted, it bears repeating that this remedy would not be a sanction and would only be a *temporary* extension, until this Court could determine whether any future papers filed by Plaintiff/Debtor are a continuation of any demonstrated pattern of violating Rule 9011(b). The goal is to *preserve the status quo*, by not forcing other parties in interest to spend the time and money to respond to such future papers until this Court can address them on a preliminary basis, while preserving the rights of all parties including Plaintiff/Debtor, to argue whether further briefing or other procedures (see below).

**c. Possible pre-filing order**

Neither of the two different extensions of time described above would bar Plaintiff/Debtor from filing any papers. But this Court will consider at the above-captioned hearing whether there has been a sufficient pattern of abuse to warrant such a bar (known as a "pre-filing" order, a "gatekeeper" order, or a "vexatious litigant" order). *See Molski*, 500 F.3d 1047, 1056-65 (affirming pre-filing order), *and compare In re Koshkalda*, 622 B.R. 749, 768-69 (9th Cir. BAP 2020) (reversing as to scope of pre-filing order).

**d. Possible immediate relief; and opportunities to request continuance, briefing, evidentiary hearing, etc.**

This Court can determine at the above-captioned hearing whether to make immediate oral rulings. Alternatively, this Court could continue the hearing or establish other procedures.

All rights are reserved for Plaintiff/Debtor and other parties to request whatever procedures they wish – *e.g.,* this Court can provide for written briefs and declarations, oral argument, and/or live testimony, as appropriate. *See, e.g., Molski*, 500 F.3d 1047, 1065 n.8 (trial courts have "broad discretion in fashioning sanctions") (citations omitted); *Koshkalda*, 622 B.R. 749, 759 & n. 5 (finding no error with 10-page brief limit); *and see also Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118, 1120 (9th Cir. 2000) (due process requires notice and opportunity to be heard regarding sanctions, but that opportunity can be via briefing rather than oral argument and/or evidentiary hearing).

**4. CONCLUSION**

For the foregoing reasons, and pursuant to Rule 9011(c)(3), it is hereby ORDERED:

1. **Extension of time for all other parties in interest to respond to the Papers.** Because the Papers appear to violate Rule 9011(b), all parties in interest are hereby granted an extension of time to file and serve any

response to the Papers (including any supplement or amendment presented by Plaintiff/Debtor or any other person before the above-captioned hearing) unless and until (a) this Court is persuaded, by Plaintiff/Debtor's testimony under oath (see below) that no such violation has occurred or (b) this Court sets a new deadline for such responses. To be clear, all parties in interest will have the *option* to respond to the Papers, but they will not be *required* to respond unless and until this Court sets a new deadline (which could include permitting oral responses and replies at the above-captioned hearing).

2. **No briefing in response to this Order.** To save all persons from expending time and money, no briefing is invited or permitted in response to this Order. Rather, this Court will take testimony at the above-captioned hearing (see below) and all rights are reserved for Plaintiff/Debtor and other parties in interest to address whether any briefing is necessary or appropriate.

3. **Testimony required.** Plaintiff/Debtor is directed to *appear in person (not via video or telephone)* at the above-captioned hearing and *testify under oath* to address (a) whether the Papers (including any supplement or amendment) violate Rule 9011(b), (b) why this Court should not deny, overrule, or strike Plaintiff/Debtor's requests for relief,[5] and (c) why this Court should not impose any additional remedies as set forth in the next paragraph of this order, below. Without limiting the generality of the immediately preceding sentence, such testimony must demonstrate sufficient due diligence regarding the factual and legal assertions in the Papers ("Due Diligence Testimony"). For example, *Plaintiff/Debtor will be required to testify under oath why the cases cited in the Papers and any factual allegations in the Papers support the relief requested*, so as to demonstrate that those cases were actually read and considered, and that the facts were properly investigated and verified, consistent with Rule 9011(b) (it is not enough for AI or some paralegal or

[5] Concurrent with the issuance of this order, this Court has issued orders denying certain of the relief requested in the Papers.

other undisclosed person to have read the cases or considered the facts). If Plaintiff/Debtor requests a continuance, further briefing, or any other additional procedures, the testimony must show good cause for such additional procedures, and must show that such requests are not being presented to impose additional delay or undue litigation expense, or for other improper purposes. If Plaintiff/Debtor fails to appear in person, or fails to testify under oath, this Court may rule that Plaintiff/Debtor has waived or forfeited any legal or factual opposition to the types of remedies described in this Order.

4. **Tentative rulings.** The tentative ruling for the above-captioned hearing is that the Papers raise sufficient concerns about possible violations of Rule 9011(b) for this Court to address the following issues:

   a. to consider whether Plaintiff/Debtor has violated Rule 9011(b) by presenting the Papers;

   b. to consider whether to deny, overrule, or strike Plaintiff/Debtor's requests for relief in the Papers[6] (including any supplement or amendment), without further briefing, oral argument, or evidentiary hearing/trial, or alternatively to set new deadlines for any further briefing, and/or set evidentiary hearings or establish any other appropriate procedures;

   c. to consider whether to order the payment of monetary sanctions to this Court, within 14 days, in a dollar amount equal to not less than $100.00 per hour nor more than $500.00 per hour multiplied by the number of hours spent by chambers staff in addressing the Papers;

   d. to consider issuing an order granting a general, temporary extension of time for parties in interest to respond to some or all types of *future* papers filed by Plaintiff/Debtor, until this Court can determine, at

[6] As previously noted, concurrent with the issuance of this order, this Court has issued orders denying certain of the relief requested in the Papers.

whatever hearing is associated with those future papers, whether any such future papers filed by Plaintiff/Debtor are a continuation of any demonstrated pattern of violating Rule 9011(b) (provided that any such extension would only apply to matters for which extensions are permitted under Rule 9006(b) or other applicable rules);

e. to consider issuing a “pre-filing” order (barring Plaintiff/Debtor from filing papers in this case without leave of this Court);

f. to consider referring for criminal prosecution any paralegals or other persons who are conspiring to abuse the bankruptcy system, and

g. to consider imposing whatever other remedies are appropriate based on: Plaintiff/Debtor’s arguments and Due Diligence Testimony (or lack thereof), any arguments or evidence presented at the above-captioned hearing by all persons with standing to respond to the Papers or otherwise entitled to be heard (*e.g.,* the United States Trustee), and this Court’s own analysis of the Papers and any other filed papers and records in this bankruptcy case and in any related bankruptcy cases and proceedings (including all contested matters and adversary proceedings).

//

5. **Notice to all parties in interest.** The Clerk of this Court is requested and directed to serve a copy of this Order on the full Creditor Matrix. To facilitate notice to all parties in interest, copies of this order will be entered both in the above-captioned adversary proceeding and in Plaintiff/Debtor's bankruptcy case-in-chief.

###

Date: January 29, 2026

Neil W. Bason
United States Bankruptcy Judge